Robert S. Green, Cal. Bar No. 136183
**GREEN & NOBLIN, P.C.**
2200 Larkspur Landing Circle, Suite 101
Larkspur, CA 94939
Telephone: (415)477-6700
Facsimile: (415)477-6710
Email: gnecf@classcounsel.com

Kenneth G. Gilman, Fla. Bar No. 340758
**GILMAN LAW LLP**
8951 Bonita Beach Rd, S.E., Suite 525
Bonita Springs, FL 34135
Telephone: (239)221-8301
Facsimile: (239)790-5150
Email: kgilman@gilmanlawllp.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HALEY and SYLVIA THOMPSON, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    vs.<br><br>MACY'S, INC. and BLOOMINGDALE'S, INC.,<br><br>        Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>COMPLAINT FOR:<br><br>1. Unfair Business Practices<br>2. Fraudulent Business Practices;<br>3. Unlawful Business Practices;<br>4. False Advertising;<br>5. Violation of California's Consumer Legal Remedies Act; and<br>6. Violation of Florida's Deceptive and Unfair Trade Practices Act<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiffs KRISTIN HALEY and SYLVIA THOMPSON ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege the following based upon personal knowledge as to allegations regarding themselves and on information and belief and the investigation of counsel, as to all other allegations:

**I.     INTRODUCTION**

1.     This is a class action seeking monetary damages, restitution, injunctive and declaratory relief from Defendants Macy's, Inc. ("Macy's") and its wholly-owned division, Bloomingdale's, Inc. ("Bloomingdale's") arising from their deceptive and misleading labeling and marketing of merchandise they sell at their retail stores, including outlet stores, in the states of California and Florida and throughout the United States.

2.     During the Class Period (defined below), Defendants (hereinafter "Macy's" or "Defendants") misrepresented the nature and amount of price discounts on products sold in their regular and outlet stores (the "Stores") by purporting to offer steep discounts off of fabricated, arbitrary, and false former or purported original, regular or "compare at" prices.

3.     Specifically, Defendants represented on the price tags of their products, both those sold under the Macy's or Bloomingdale's labels and those manufactured by other designers or companies sold in Macy's and Bloomindale's stores, prices that were artificially inflated and arbitrary and did not represent a bona fide price at which they previously sold such products or the prevailing market price for such items.  Defendants then offered, on the same sales labels or tags or on signs above the merchandise, to sell the items for a reduced or discounted sale price, which supposedly represented a significant discount off of the false original, regular or compare at price. In some instances, they represented that the listed or original price was two or more times the manufacturer's suggested retail price ("MSRP"), and then offered the item at a purported 50% or more discount price which was in fact the original MSRP.

4.     However, the original, regular or compare at prices utilized by Defendants, which represented to consumers the purported former price of Defendants' products, whether manufactured under their label or the label of other designers or companies, were a sham. In fact, such items were not generally sold at the "original" or "compare at" price listed on their labels, or at least not a substantial number of such items, including not within 90 days of the advertised or represented original or compare at price. The original, regular or compare at price listed on Defendants' products were and are prices chosen by Defendants to enable them to engage in their phantom markdown scheme.

5.     The Federal Trade Commission ("FTC") has described the fictitious pricing scheme such as that employed at Defendants' stores as deceptive:

> (a) Many members of the purchasing public believe that a manufacturer's list price, or suggested retail price, is the price at which an article is generally sold. Therefore, if a reduction from this price is advertised, many people will believe that they are being offered a genuine bargain. To the extent that list or suggested retail prices do not in fact correspond to <u>prices at which a substantial number of sales of the article in question are made</u>, the advertisement of a reduction may mislead the consumer.

> (i) It bears repeating that the manufacturer, distributor or retailer must in every case act honestly and in good faith in advertising a list price, and not with the intention of establishing a basis, or creating an instrumentality, for a deceptive comparison in any local or other trade area. For instance, a manufacturer may not affix price tickets containing inflated prices as an accommodation to particular retailers who intend to use such prices as the basis for advertising fictitious price reductions.

16 C.F.R. § 233.3 (emphasis added).

6.     Macy's pricing scheme was effectuated in several systemic ways, as reflected on the following tags and signs prominently displayed for products available for sale at its stores.

7.     The first picture depicts Macy's deceptive practice of adding a sticker to the merchandise tag which purports to list the "Original or "Orig." price, the purported discount and the "Now" or sale price. The second picture depicts Macy's deceptive practice of adding a sticker to the tag, typically over the MSRP of the item that purports to list the MSRP price, and then a sign above the merchandise rack which lists the percentage of the discount.  As seen

COMPLAINT

below in the third picture, there is no actual MSRP price printed on the tag of the item pictured.
The fourth picture depicts Macy's deceptive practice of listing on a sign above the merchandise
the purported "Regular" or "Reg." price and the "Sale" price.






3

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11



12    8.    As to Macy's further systemic acts, Defendants employ the same type of tactics in

13  its Bloomingdale's division and in Bloomingdale's Outlet Stores, as reflected in the pictures

14  below. The first two pictures depict Bloomingdale's deceptive practice of adding a sticker over

15  the tag of the non-Bloomingdale's manufactured item which lists a "Compare at" price that is

16  lined through, and then lists a price at which the item is selling. As can readily be seen in the

17  second picture, the actual manufacturer's price or MSRP is the same as the discounted price, not

18  the "Compare at" price. Defendants utilize and implement the same type of deceptive marketing

19  and sales practices with respect to items manufactured under the Bloomingdale's label. The third

20  picture below depicts a tag where Bloomingdale's prints a "Compare at" price and below it a

21  selling price. The fourth picture depicts a separate Bloomindale's sticker covering up the tag

22  which lists a "Compare at" price which is lined through and then the sticker has a selling price.

23
24
25
26
27
28

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



COMPLAINT

1
2
3
4
5
6
7
8
9
10
11



12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



COMPLAINT

9.      Upon information and belief, thousands of Defendants' consumers, including Plaintiffs, were victims of Defendants' deceptive, misleading and unlawful false pricing scheme, which deception will continue if Defendants are not enjoined from continuing to effectuate their pricing scheme.

10.     Defendants  fraudulently concealed from, and intentionally failed to disclose to, Plaintiffs and Class members, the true facts about its product prices and advertised price discounts from those purported original, regular or compare at prices. Defendants' false representations of prices and false representations of purported savings, discounts and bargains are objectively material to a reasonable consumer.

11.     Plaintiffs relied upon such false representations of original or regular prices and discounts when purchasing merchandise from Macy's Stores, including in San Rafael, California. Plaintiffs would not have made such purchases, or would not have paid the amounts they did, but for the false representations of the  original or regular price of the items purchased, as compared with the supposedly discounted or sale price at which Plaintiffs' purchased the items.

12.     Plaintiffs believed the truth of the price tags attached to the products purchased at Defendants' Stores, which expressly represented that Plaintiffs were getting a substantial discount and thus a significant bargain on their purchases. In fact, they were not getting the represented bargain.  Plaintiffs would not have purchased the items but for the discounted pricing represented by Defendants.

13.     Through their false and deceptive marketing, advertising and pricing scheme, Defendants violated and continue to violate laws prohibiting advertising goods for sale as discounted from former prices which are false, and prohibiting misleading statements about the existence and amount of price reductions.

14.     Plaintiffs, individually and on behalf of all others similarly situated, seek restitution and other equitable remedies, including injunctive relief.

COMPLAINT

## II.    PARTIES

15.    Plaintiff Kristin Haley is an individual who is a resident of California and lives in Somona County. In reliance on Macy's false and deceptive advertising, marketing and pricing schemes, Mrs. Haley purchased products including a Lennox ornament that Macy's claimed was originally priced at $60.00 for $17.99 in December from a Macy's store located in San Rafael, California. According to Macy's, Mrs. Haley received a purported savings of approximately 70% off the original price. However, the product purchased by Mrs. Haley was not previously sold or at least in a substantial number at Macy's for $60.00. Additionally, the original price was not the prevailing market price within ninety (90) days preceding the date of Plaintiff Kristin Haley's purchase.  Plaintiff Kristin Haley was damaged as a result thereof.

16.    Plaintiff Sylvia Thompson is an individual who is a resident of Collier County, Florida. In reliance on Macy's false and deceptive advertising, marketing and pricing schemes, Mrs. Thompson was induced to purchase a Beautyrest Black Edenton Plush Mattress in 2014 and delivered in Naples, Florida. Macy's represented that the price offered by Macy's to her represented fifty percent (50%) off of the "5,089.00 Original and Regular Price." The product did not sell at the original price of $5,089.00 or at least in a substantial number.   Mrs. Thompson was damaged as a result thereof.

17.    Defendant Macy's Inc., is a Delaware corporation with its principal place of business in Cincinnati, Ohio.

18.    Defendant Macy's operates 900 stores in 45 states under names including Macy's, Bloomingdales' and Bloomindale's Outlets, with approximately 132 stores in California and 60 stores in Florida (the "Macy's Stores").

19.    Defendant Bloomingdale's is a wholly-owned subsidary of Macy's, Inc. and a division of Macy's with its principal place of business in New York, New York.  Defendant Bloomingdale's, at the direction and control of Defendant Macy's, operates 45 Bloomingdale's stores throughout the U.S (the "Bloomingdale's Stores"), including 13 Bloomingdale's Outlet stores (the "Bloomingdale's Outlets"). The Macy's Stores and Bloomingdale's Stores, including the Bloomingdale's Outlets are hereinafter referred to as the "Stores."

COMPLAINT

20.     At all times material, Macy's has sold in its Stores men's, women's and children's apparel, accessories and home furnishings.  Macy's has engaged in a program of deceptive marketing, sales and pricing practices throughout its Stores including in its Macy's, division, Bloomingdale's.

## III.     JURISDICTION AND VENUE

21.     This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the members of the putative Class exceed $5 million, exclusive of costs, and at least one of the members of the proposed Class, Plaintiff, is a citizen of a different state than  both Defendants.

22.     The Northern District of California has personal jurisdiction over Defendants Macy's and Bloomingdale's because they both are authorized or registered to do business and operate Stores in this District where Defendants employed the sale tactics detailed herein.

23.     Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Defendants operate many stores and thus transact substantial business within this District, and a substantial part of the events giving rise to Plaintiffs' claims arose here, including the implementation of the scheme alleged in this Complaint.

## IV.     ADDITIONAL SUBSTANTIVE ALLEGATIONS

24.     In December, while Christmas shopping, Plaintiff Kristin Haley entered the Macy's located in San Rafael, California. She observed that merchandise was advertised with price tags that represented an original price directly on top of a significantly reduced sale price. Enticed by the idea of paying significantly less than the original price charged by Macy's, Plaintiff was induced to purchase a Lennox ornament with supposedly a $60.00 original price and a $17.99 sale price.

25.     By purchasing the Lennox ornament for the sale or discounted price of $17.99 instead of the original price of $60.00, Plaintiff was led to believe that she saved approximately seventy percent (70%) on her purchase. In practice, Macy's did not sell the Lennox ornament at the represented original price, or at least not any substantial sales of the item at the represented

COMPLAINT

price, nor was the $60.00 original price the prevailing market price within 90 days of the listing of the item at that price. Plaintiff Kristin Haley was deceived by the false price comparison into making her purchase.

26.     Mrs. Haley also observed merchandise that was advertised with price tags that represented an original price directly on top of a significantly reduced sale price. Again enticed by the idea of paying significantly less than the original price charges by Macy's, Plaintiff was induced to purchase a dress marked with an original price. Macy's overlaid another original price for the dress over the price tag and depicted, ORIG: $69.00 – Today's Price: $17.25. In practice, Macy's did not sell the dress at the represented original price, or at least not any substantial sales of the item at the represented price, nor was the $69.00 original price the prevailing market price within 90 days of the listing of the item at that price. Plaintiff Kristin Haley was deceived by the false price comparison into making her purchase.

27.     California statutory and regulatory law expressly prohibits false former pricing schemes. Cal. Bus. & Prof. Code § 17501, entitled "Value determinations; Former price advertisements," states: "For the purpose of this article the worth or value of anything advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published. No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement."

28.     In the summer of 2014, Plaintiff Sylvia Thompson entered a Macy's store to look for bedding mattresses. She observed that merchandise was advertised with price tags that represented an original price directly on top of a significantly reduced sale price. Enticed by the idea of paying significantly less than the original prices charged by Macy's, Plaintiff was induced to purchase a Beautyrest Black Edenton Plush mattress with a reported $5,089.00 original price.

10

COMPLAINT

29.    By purchasing the mattress at significantly less than the purported original price of $5,089.00, Plaintiff was led to believe that she saved nearly fifty percent (50%) on her purchase. In reality, Macy's did not sell the mattress at the represented original price, or at least not substantial sales of the item at the represented price.  Plaintiff Sylvia Thompson was deceived by the false price comparison into making her purchase.

30.    The reliance of Plaintiffs and Class members on Defendants' false price comparison advertising was reasonable. Marketing studies have noted that retailers are incentivized to engage in this false and fraudulent behavior:

> Comparative price advertising offers consumers a basis for comparing the relative value of the product offering by suggesting a monetary worth of the product and any potential savings…[A] comparative price advertisement can be construed as deceptive if it makes any representation,… or involves any practice that may materially mislead a reasonable consumer.

> By creating an impression of savings, the presence of a higher reference price enhances subjects' perceived value and willingness to buy the product…Thus, if the reference price is not truthful, a consumer may be encouraged to purchase as a result of a false sense of value.

*Comparative Price Advertising: Informative or Deceptive?,* Dhruv Grewal and Larry D. Compeau, *Journal of Public Policy & Marketing* , Vol. 11, No. 1, at 52, 55-56 (Spring 1992).

31.    Despite the pricing scheme utilized by Defendants, Plaintiffs would purchase Defendants' products in the future from Defendants' Stores and/or other retail establishments, if product labels accurately reflect original or compare at prices and discounts. Currently, however, Plaintiffs and other consumers have no realistic way to know which—if any—of Defendants' label price comparisons are not false or deceptive. If the Court were to issue an injunction ordering Defendants' to comply with comparative price  advertising laws, and prohibiting  use of the deceptive practices discussed herein, Plaintiffs would likely shop for Defendants' products again in the near future at Defendants' Stores.

COMPLAINT

1

**CLASS ALLEGATIONS**

2      32.    Plaintiffs bring this action on behalf of themselves and the members of the

3  proposed Classes under Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure. The

4  proposed Classes consists of the following:

5              All individuals residing in California who, within the Class Period,
               purchased products from one of Defendants' Stores where the price paid
6              was at a sale or discount to the original, regular or compare at price listed
               on the tag for that item and such individuals have not received a refund or
7              credit for such purchases ("California Class"); and

8              All individuals residing in Florida who, within the Class Period, purchased
9              products from one of Defendants' Stores where the price paid was at a sale
               or discount to the original, regular or compare at price listed on the tag for
10             that item and such individuals have not received a refund or credit for such
               purchases ("Florida Class").
11

12             The California Class and Florida Class are referred to as the "Class."

13

14     33.    Excluded from the Class are Defendants, their parents, subsidiaries, affiliates,

15  officers and directors, any entity in which Defendants have a controlling interest, and all judges

16  assigned to hear any aspect of this litigation, as well as their immediate family members.

17     34.    The members of the Class are so numerous that joinder is impractical. The Class

18  consists of thousands of members, the precise number which is within the knowledge of and can

19  be ascertained only by resort to Defendants' records.

20     35.    There are numerous questions of law and fact common to the Class which

21  predominates over any questions affecting only individual members of the Class. Among the

22  questions of law and fact common to the Class are:

23             (a)  Whether, during the Class Period, Defendants' used false price representations
                    and falsely advertised price discounts on their merchandise sold at Defendants'
24                  Stores;

25             (b)  Whether Defendants' use of false or deceptive price advertising constituted
26                  false advertising under California and Florida law;

27             (c)  Whether Defendants' engaged in deceptive, unfair, unlawful and/or fraudulent
                    business practices under California and Florida law;

28

(d) Whether Defendants' misrepresented and/or failed to disclose material facts about their product pricing and discounts;

(e) Whether Defendants' have made false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

(f) Whether Class members are entitled to damages and/or restitution, and in what amount;

(g) Whether Defendants' are likely to continue using false, misleading or illegal price comparisons such that an injunction is necessary; and

(h) Whether Plaintiff and Class members are entitled to an award of reasonable attorneys' fees, pre-judgment interest and costs of suit.

36.    Plaintiffs' claims are typical of the claims of the members of the Class and, like all members of the Class, purchased goods from one of Defendants' Stores that falsely conveyed an original or compare at price and a fictitious discount. Accordingly, Plaintiffs have no interests antagonistic to the interests of any other member of the Class.

37.    Plaintiffs are representatives who will fully and adequately assert and protect the interests of the Class, and have retained counsel who are experienced in prosecuting class actions. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

38.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendants' wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

39.    The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants.

COMPLAINT

1    Additionally, individual actions may be dispositive of the interests of the Class, although certain

2    class members are not parties to such actions.

3        40.    The conduct of Defendants is generally applicable to the Class as a whole and

4    Plaintiff seeks, equitable remedies with respect to the Class as a whole. As such, the systematic

5    policies and practices of Defendants make declaratory or equitable relief with respect to the

6    Class as a whole appropriate.

7                          **<u>COUNT I</u>**
                    ***Unfair Business Practices***
8         (California Business & Professions Code § 17200 *et seq.*
                *Unfair Competition Law ("UCL"))*
9

10       41.    Plaintiff Kristin Haley incorporates and realleges by reference each and every

11   allegation contained in paragraphs 1 - 40 as if set forth herein in full.

12       42.    The UCL defines unfair business competition to include any "unlawful, unfair or

13   fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.

14   Cal. Bus. & Prof. Code §17200.

15       43.    Advertising or promotional practices are unlawful under the UCL if a reasonable

16   consumer is likely to be deceived by them.

17       44.    Defendants violated the "unfair" prong of the UCL by representing false,

18   deceptive, or misleading original, regular or comparative prices and corresponding price

19   discounts or savings for merchandise where Defendants, inflated or fabricated the purported

20   original, regular or compare at prices for such products, and failed to disclose to consumers that

21   such original, regular or compare at prices were inflated or fabricated, such that the promised

22   discount or saving was false, misleading or deceptive.

23       45.    These acts and practices were unfair because they caused Plaintiff, and were

24   likely to cause reasonable consumers, to falsely believe that Defendants are, and have throughout

25   the Class Period been, offering value, discounts or bargains from the price, value or worth of the

26   products sold that did not, in fact, exist.  As a result, purchasers, including Plaintiff, reasonably

27   perceived that they were receiving products that regularly sold in the retail marketplace at

28   substantially higher prices (and were, therefore, worth more) than what they paid.  This

1    perception has induced reasonable purchasers, including Plaintiff, to buy such products, which

2    she otherwise would not have purchased.

3            46.     Plaintiff Kristin Haley and all other California Class Members were likely to be

4    deceived by Defendants' use of the original, regular or compare at price on the price tags of

5    merchandise at Stores in California.

6            47.     In deciding to purchase merchandise at Defendants' stores, Plaintiff Kristin Haley

7    relied on Defendants' misleading and deceptive representations regarding original or regular

8    prices.  These prices placed by Defendants on the price tags of merchandise at their California

9    Stores played a substantial role in Plaintiff's decisions to purchase the products she purchased

10    from Defendants, and Plaintiff would not have purchased those items in the absence of

11    Defendants' misrepresentations. Accordingly, Plaintiff has suffered monetary loss as a direct

12    result of Defendants' unlawful practices described herein.

13           48.     The gravity of the harm to California Class Members resulting from these unfair

14    acts and practices outweighs any conceivable reasons, justifications or motives of Defendants for

15    engaging in such deceptive acts and practices.  By committing the acts and practices alleged

16    above, Defendants engaged in unfair business practices within the meaning of California

17    Business & Professions Code §17200, *et seq.*

18           49.     Through their unfair acts and practices, Defendants improperly obtained money

19    from Plaintiff and all other California Class Members.  As such, Plaintiff requests that this Court

20    cause Defendants to restore this money to Plaintiff and all California Class Members, and to

21    enjoin Defendants from continuing to violate the UCL as discussed herein and from violating the

22    UCL in the future.  Otherwise, Plaintiff, the California Class described herein, and members of

23    the general public may be irreparably harmed or denied an effective and complete remedy if such

24    an order is not granted.

25

26

27

28

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COUNT II**
***Fraudulent Business Practices***
(California Business & Professions Code § 17200 *et seq.*)

50.     Plaintiff Kristin Haley incorporates and realleges by reference each and every allegation contained in paragraphs 1 - 40 as if fully set forth herein.

51.     A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

52.     Defendants' false prices, including, but not limited to, their original, regular or compare at prices placed on the price tags of the products sold in their California Stores, were "fraudulent" within the meaning of the UCL because they deceived Plaintiff, and were likely to deceive reasonable consumers and California Class Members, into believing that Defendants were offering value, discounts or bargains from the prevailing market price, value or worth of the products sold that did not exist.  As a result, purchasers, including Plaintiff, reasonably perceived that they were receiving products that regularly sold in those Stores or the retail marketplace at substantially higher prices (and were, therefore, worth more) than what they paid.  This perception induced reasonable purchasers, including Plaintiff, to buy such products from Defendants' Stores in California, which they otherwise would not have purchased.

53.     Defendants' acts and practices as described herein have deceived Plaintiff and were highly likely to deceive reasonable members of the consuming public.  Specifically, in deciding to purchase merchandise at Defendants' Stores, Plaintiff relied on Defendants' misleading and deceptive representations regarding their supposed original or regular prices. The original or regular prices placed by Defendants on the price tags of merchandise at Defendants' Stores in California played a substantial role in Plaintiff's decisions to purchase those products, and Plaintiff would not have purchased those items in the absence of Defendants' misrepresentations.  Plaintiff Kristin Haley suffered monetary loss as a direct result of Defendants' unlawful practices described herein.

54.     As a result of the conduct described above, Defendants have been unjustly enriched at the expense of Plaintiff and all other respective California Class Members.

16

COMPLAINT

Specifically, Defendants have been unjustly enriched by obtaining revenues and profits that they would not otherwise have obtained absent their false, misleading or deceptive conduct.

55.   Through their fraudulent acts and practices, Defendants improperly obtained money from Plaintiff and all other respective California Class Members. As such, Plaintiff requests that this Court cause Defendants to restore this money to Plaintiff and all California Class Members, and to enjoin Defendants from continuing to violate the UCL as discussed herein or from violating the UCL in the future.  Otherwise, Plaintiff, the respective California Class she seeks to represent, and members of the general public may be irreparably harmed or denied an effective and complete remedy if such an order is not granted.

**COUNT III**
***Unlawful Business Practices***
(California Business & Professions Code § 17200 *et seq.*)

56.   Plaintiff Kristin Haley incorporates and realleges by reference each and every allegation contained in paragraphs 1 – 40 as if fully set forth herein.

57.   A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

58.   The Federal Trade Commission Act prohibits "unfair or deceptive acts or practices in or affecting commerce" and specifically prohibits false advertisements. (15 U.S.C. § 45(a)(1) and 15 U.S.C. § 52(a)). The FTCA has established Guidelines which prohibit false pricing schemes, similar to Defendants' pricing scheme in material respects, as deceptive practices that would violate the FTCA quoted in paragraph 5.

59.   Cal. Civ. Code §1770(a)(13), prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

60.   Defendants' use of and reference to materially misleading, deceptive, and/or false original, regular or compare at prices on the price tags of merchandise sold to consumers in Defendants' California Stores violated and continues to violate the FTCA, 15 U.S.C. §45(a)(1) and 15 U.S.C. §52(a), as well as FTC Pricing Guides.  It also violated and continues to violate

1  Cal. Bus. & Prof. Code §§17200 and 17501, and Cal. Civ. Code §1770(a)(13), by, among other

2  things, advertising false comparative prices that were, in fact, not the prevailing market prices at

3  other retailers in the marketplace at the time of the publication.

4          61.     As a result of the conduct described above, Defendants have been unjustly

5  enriched at the expense of Plaintiff and other California Class Members. Specifically,

6  Defendants have been unjustly enriched by obtaining revenues and profits that they would not

7  otherwise have obtained absent their false, misleading and deceptive conduct.

8          62.     Through their unfair acts and practices, Defendants improperly obtained money

9  from Plaintiff and all other respective California Class Members.  Plaintiff requests that this

10 Court cause Defendants to restore this money to Plaintiff and all respective California Class

11 Members they seek to represent, and to enjoin Defendants from continuing to violate the UCL,

12 or from violating the UCL in the future.  Otherwise, Plaintiff, the California Class she seeks to

13 represent, and members of the general public may be irreparably harmed or denied an effective

14 and complete remedy if such an order is not granted.

15
                                        **<u>COUNT IV</u>**
16                        ***Violation of the California False Advertising Law,***
                       (California Business & Professions Code Sections 17500, *et seq.*)
17

18         63.     Plaintiff Kristin Haley incorporates and realleges by reference each and every

19 allegation contained in paragraphs 1 – 40 as if fully set forth herein.

20         64.     California False Advertising Law ("FAL") prohibits unfair, deceptive, untrue, or

21 misleading advertising, including, but not limited to, false statements as to worth, value and

22 former price.

23         65.     The FAL makes it unlawful for a business to disseminate any statement which is

24 untrue or misleading, and which is known, or which by the exercise of reasonable care should be

25 known, to be untrue or misleading.

26         66.     Defendants' practice of disseminating allegedly original, regular or compare at

27 prices associated with their merchandise, which were materially greater than the prices they were

28 sold at or the true prevailing prices of those products, as alleged more fully herein, was an unfair,

18

COMPLAINT

deceptive or misleading advertising practice because it gave the false impression that the products sold by Defendants regularly or in a substantial amount sold at those prices or in the retail marketplace at substantially higher prices (and were, therefore, worth more) than they actually were.

67.    On each day throughout the Class Period, Defendants, with the intent to induce members of the public to purchase products offered at their respective California Stores, made or caused to be made each of the untrue or misleading statements, claims, or representations described herein.

68.    On each day throughout the Class Period, Defendants, with the intent to induce members of the public to purchase products offered at their respective California Stores, made or caused to be made untrue or misleading claims to consumers throughout California.

69.    Defendants knew, or by the exercise of reasonable care should have known, that these claims were untrue, deceptive, or misleading.

70.    When Defendants made or caused to be made the untrue or misleading claims, statements, or misrepresentations described herein to consumers in California, Defendants failed to adequately disclose the facts pleaded herein. have improperly obtained money from Plaintiff and all other respective California Class Members.  Plaintiff requests that this Court cause Defendants to restore this money to Plaintiff and all other respective California Class Members, and to enjoin Defendants from continuing to violate the FAL, or from violating the FAL in the future.  Otherwise, Plaintiff, the California Class she seeks to represent, and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## COUNT V
### *Violation of the California Consumer Legal Remedies Act*
(California Civil Code § 1750, *et seq.*)

71.    Plaintiff Kristin Haley incorporates and realleges by reference each and every allegation contained in paragraphs 1 – 40 as if fully set forth herein.

72.     On each day throughout the Class Period, Defendants, with the intent to induce members of the public to purchase products offered at their respective California Stores, made or caused to be made false or misleading claims to consumers throughout California.

73.     Plaintiff and each respective California Class Member are "consumers" within the meaning of California Civil Code §1761(d).

74.     Defendants' sale of merchandise at its respective Stores in California to Plaintiff and other California Class Members are "transactions" within the meaning of California Civil Code §1761(e).

75.     The merchandise purchased by Plaintiff and other California Class Members at Defendants' respective stores in California throughout the Class Period are "goods" within the meaning of California Civil Code §1761(a).

76.     Defendants have engaged in unfair methods of competition, or unfair or deceptive acts or practices against Plaintiff and other respective California Class Members, in violation of The California Consumer Legal Remedies Act (the "CLRA"), by making false or misleading statements of fact concerning the reasons for, the existence of, or the amount(s) of price reductions for products sold to Plaintiff and other respective California Class Members at Defendants' California Stores throughout the Class Period.  Defendants provided false, deceptive, or misleading original, regular or compare at prices on the price tags of the merchandise sold in their respective California Stores, and compared those false or misleading comparative prices to the prices at which Defendants sold their merchandise, to give the illusion to consumers that they were receiving a discount, or achieving a saving or bargain. The promised discounts, savings, or bargains, however, were deceptive, misleading, or false.

77.     The price reductions alleged by Defendants and Defendants' sale prices did not exist, and were false, deceptive, or misleading.

78.     Defendants' acts or practices described herein are in violation of California Civil Code §1770(a)(13).

79.     As a result of Defendants' acts or practices described herein, Plaintiff and other respective California Class Members have been damaged in that Defendants' unlawful, false or

misleading acts or practices described herein played a substantial and material role in each respective Plaintiff's and other respective California Class Members' decisions to purchase products at Defendants' Stores in California.  Absent these acts or practices, Plaintiff and other respective California Class Members would not have purchased the products that they did from Defendants.

80.     Pursuant to California Civil Code §1780(a)(2), Plaintiff, on behalf of herself and all other respective California Class Members, request that this Court enjoin Defendants from continuing to engage in the unlawful and deceptive methods, acts or practices alleged herein. Unless Defendants are permanently enjoined from continuing to engage in such violations of the CLRA, California consumers will continue to be damaged by Defendants' acts or practices in the same way as those acts and/or practices have damaged Plaintiff and other Class Members.

81.     Plaintiff provided notice to Defendants of the alleged violations of the CLRA and the UCL and will amend to seek damages if the violations are not cured as set forth in the notice.

## COUNT VI
### *Violation of Florida's Deceptive and Unfair Trade Practices Act*
(Fla. Stat. §§ 501.201, *et seq.*)

82.     Plaintiff Sylvia Thompson incorporates and realleges by reference each and every allegation contained in paragraphs 1 – 40 as if fully set forth herein.

83.     Defendants violated Florida's Deceptive and Unfair Trade Practices Act by engaging in unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of its business.

84.     The material misrepresentations and omissions alleged herein constitute deceptive and unfair trade practices, in that they were intended to and did deceive Plaintiff and the general public.

85.     Had Plaintiff and the Florida Class members known the products they purchased were falsely priced, they would not have purchased such items.

86.     As a result of Defendants' deceptive and unfair acts, Plaintiff and the Florida Class members have been damaged.

COMPLAINT

87.    Defendants' conduct offends established public policy, and substantially injurious to consumers.

88.    Plaintiff and the Florida Class members are entitled to damages in an amount to be proven at trial.

89.    Defendants should also be ordered to cease their deceptive advertising, and should be required to engage in a corrective advertising campaign.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the members of the Class demand a jury trial on all claims so triable and judgment against Defendants, Macy's Inc. and Bloomingdale's Inc., as follows:

A.    An order certifying that this action may be maintained as a class action, that Plaintiffs be appointed Class Representatives and Plaintiffs' counsel be appointed Class Counsel;

B.    A judgment awarding Plaintiffs and all members of the Class damages as alleged above incurred by Plaintiffs and Class members as a result of Defendants' unlawful, deceptive, unfair and fraudulent business and trade practices described herein;

C.    A judgment awarding Plaintiffs and all members of the Class restitution or other equitable relief, including, without limitation, disgorgement of all profits and unjust enrichment that Defendants obtained from Plaintiffs and the Class as a result of their unlawful, unfair and fraudulent business practices described herein;

D.    An order enjoining Defendants from continuing to violate the laws as described herein.

E.    A judgment awarding Plaintiffs the costs of suit, including reasonable attorneys' fees, and pre and post-judgment interest; and

F.    Such other and further relief as may be deemed necessary or appropriate.

COMPLAINT

1

## **JURY TRIAL DEMANDED**

2          Pursuant to Federal Rules of Civil Procedure, Rule 38(b), Plaintiffs demand a jury trial on

3    all triable issues.

4

5    DATED: December 23, 2015                    Respectfully submitted ,

6                                               **GREEN & NOBLIN, P.C.**

7

8                                               By:    /s/ Robert S. Green
9                                                   Robert S. Green

10                                              2200 Larkspur Landing Circle, Suite 101
11                                              Larkspur, CA 94939
                                                Telephone:  (415)477-6700
12                                              Facsimile:  (415)477-6710
                                                Email:  gnecf@classcounsel.com
13
                                                *Attorneys for Plaintiffs Kristin Haley, Sylvia*
14                                              *Thompson and the proposed classes*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT