UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HALEY, et. al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MACY'S, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-06033-HSG<br><br>**ORDER RELATING CASE AND GRANTING IN PART AND DENYING IN PART MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM COUNSEL**<br><br>Dkt. Nos. 21, 31 |
| TODD BENSON, et. al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MACY'S, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-01252-HSG |
| ZOHREH FARHANG, et. al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MACY'S, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-02850-HSG |
| JOB CARDER, et. al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MACY'S, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-03341-SBA |

Pending before the Court is (1) a *sua sponte* judicial referral for purpose of determining relationship of *Carder et al. v. Macy's, Inc. et al.*, Case No. 4:16-cv-03341-SBA ("*Carder*"), Dkt.

No. 31; and (2) Plaintiffs' motion to (a) consolidate *Haley et al. v. Macy's, Inc., et al.*, Case No. 3:15-cv-06033-HSG*; Benson v. Macy's, Inc., et al.*, Case No. 3:16-cv-01252-HSG; *Farhang v. Macy's Inc., et al.*, Case No. 4:16-cv-02850-HSG; and all subsequently filed cases asserting similar claims; and (b) appoint Gilman Law LLP ("Gilman"), Green & Noblin, P.C ("Green"), and Finkelstein Thompson LLP ("FT") as Plaintiffs' interim counsel, with the Gilman and Green firms serving as co-lead counsel, Dkt. No. 21.

The Court finds *Carder* related to *Haley* within the meaning of Civil Local Rule 3-12(a). Accordingly, the matter of *Carder et al. v. Macy's, Inc. et al.*, Case No. 4:16-cv-03341-SBA, shall be reassigned to this Court. The parties are instructed that all future filings in that case must bear the initials "HSG" immediately after the case number. The parties shall adjust the dates for the conference, disclosures, and report required by Federal Rules of Civil Procedure 16 and 26 as appropriate. Any deadlines set by the ADR Local Rules remain in effect. The Court VACATES all other previously set hearing dates in *Carder*.

For the reasons articulated below, Plaintiffs' motion to consolidate cases and appoint interim counsel is GRANTED IN PART AND DENIED IN PART.

**I.   BACKGROUND**

The actions at issue arise out of an alleged pricing scheme by Macy's, Inc., Bloomingdale's, Inc., and Macy's West Stores, Inc. (together, "Defendants") to mislabel their merchandise with false or inflated original, regular, or "compare at" prices. *See* Dkt. No. 1 ("Haley Compl."); *Benson v. Macy's, Inc., et al.*, Case No. 3:16-cv-01252-HSG, Dkt. No. 1 ("Benson Compl."); *Farhang vs. Macy's Inc., et al.*, Case No. 4:16-cv-02850-HSG, Dkt. No. 1 ("Farhang Compl."); *Carder et al. v. Macy's, Inc. et al.*, Case No. 4:16-cv-03341-SBA, Dkt. No. 1 ("Carder Compl."). Plaintiffs assert that these false or inflated prices deceive consumers into believing that the listed "sale" or "discount" price is more advantageous, causing consumers to purchase merchandise that they otherwise would not purchase.

On December 23, 2015, Plaintiffs Kristin Haley and Sylvia Thompson filed a complaint against Defendants Macy's Inc. and Bloomingdale's, Inc. for "misrepresent[ing] the nature and amount of price discounts on products sold in their regular and outlet stores . . . by purporting to

offer steep discounts off of fabricated, arbitrary, and false former or purported original, regular, or 'compare at' prices." Haley Compl. ¶ 2. Haley and Thompson purport to represent two classes:

> All individuals residing in California who, within the Class Period, purchased products from one of Defendants' Stores where the price paid was at a sale or discount to the original, regular or compare at price listed on the tag for that item and such individuals have not received a refund or credit for such purchases ("California Class"); and
>
> All individuals residing in Florida who, within the Class Period, purchased products from one of Defendants' Stores where the price paid was at a sale or discount to the original, regular or compare at price listed on the tag for that item and such individuals have not received a refund or credit for such purchases ("Florida Class").

*Id.* ¶ 32.

On March 14, 2016, Plaintiff Todd Benson filed an action against all Defendants for a "deceptive advertising scheme" in which they "induce consumers into purchasing their products" by "advertising merchandise tagged with inflated or fabricated 'original,' 'regular,' or 'compare at' prices so consumers are misled into believing that the listed 'sale' or 'discount' price is worth taking advantage of." Benson Compl. ¶ 1. Benson purports to represent "[a]ll persons residing in California who purchased one or more products that have not been refunded or credited from one of Defendants' Stores where the price paid was represented as a 'sale' or 'discount' to the 'original,' 'regular,' or 'compare at' price that was listed on the tag." *Id.* ¶ 29.

On May 26, 2016, Plaintiff Zohreh Farhang filed an action against all Defendants, alleging that Defendants "misrepresented the nature and amount of price discounts on products sold in their regular and outlet stores . . . by purporting to offer steep discounts off of fabricated, arbitrary, and false former or purported original, regular, or 'compare at' prices." Farhang Compl. ¶ 2. Farhang seeks to represent "[a]ll individuals residing in California who, within the Class Period, purchased products from one of Defendants' Stores where the price paid was at a sale or discount to the original, regular or compare at price listed on the tag for that item and such individuals have not received a refund or credit for such purchases." *Id.* ¶ 27.

Finally, on June 15, 2016, Plaintiffs Job Carder and Erica Vinci filed an action against all Defendants for "misrepresent[ing] the nature and amount of price discounts on products sold in

3

1  their regular and outlet stores . . . by purporting to offer steep discounts off of fabricated, arbitrary,
2  and false former or purported original, regular, or 'compare at' prices." Carder Compl. ¶ 2.
3  Carder and Vinci purport to represent "[a]ll individuals residing in California who, within the
4  Class Period, purchased products from one of Defendants' Stores where the price paid was at a
5  sale or discount to the original, regular or compare at price listed on the tag for that item and such
6  individuals have not received a refund or credit for such purchases ('California Class')." *Id.* ¶ 29.

## II. DISCUSSION

Plaintiffs Haley, Thompson, Benson, and Farhang (together, "Plaintiffs") jointly move for an order (1) consolidating *Haley*, *Benson*, *Farhang*, and all subsequently filed cases asserting similar claims, and (2) appointing Gilman, Green, and FT as interim counsel. Dkt. No. 21.

### A.   Motion to Consolidate

Defendants do not oppose Plaintiffs' motion to consolidate *Haley*, *Benson*, and *Farhang*, and in their opposition request that the Court also consolidate a fourth case, *Carder*. Dkt. No. 26 at 4. However, Defendants oppose Plaintiffs' requests to (1) consolidate all future cases filed in or transferred to this Court that assert similar claims and (2) rename the consolidated action. *Id.* at 4-5.

Federal Rule of Civil Procedure 42 permits a court to consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42. "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Hacker v. Peterschmidt*, No. C06-03468, 2006 WL 2925683, at *2 (N.D. Cal. Oct. 12, 2006) (citing *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir.1989)). In analyzing a motion to consolidate, a court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir.), *on reh'g*, 753 F.2d 1081 (9th Cir. 1984).

After carefully analyzing the *Haley*, *Benson*, *Farhang*, and *Carder* complaints, the Court finds consolidation appropriate. All four of the matters involve common questions of law or fact regarding Defendants' alleged pricing scheme. Moreover, plaintiffs in all four actions purport to represent a substantially similar California class. *See* Haley Compl. ¶ 32; Benson Compl. ¶ 29;

1   Farhang Compl. ¶ 27; Carder Compl. ¶ 29. Accordingly, the Court GRANTS the motion to

2   consolidate *Haley*, *Benson*, *Farhang*, and *Carder*, and DEEMS *Haley* the lead case. The parties

3   shall follow Civil Local Rule 3-4(b) when filing papers in the consolidated action.

4       At this time, the Court cannot determine whether consolidation of any future cases is

5   appropriate, and therefore DENIES WITHOUT PREJUDICE the motion to consolidate future

6   cases asserting similar claims.

7       Additionally, the Court sees no reason to rename the consolidated action at this time, and

8   DENIES WITHOUT PREJUDICE Plaintiffs' request.

      **B.**    **Motion to Appoint Interim Counsel**

10      Defendants contend that appointment of Gilman, Green, and FT as interim counsel under

11  Federal Rule of Civil Procedure 23(g)(3) is premature. Dkt. No. 26 at 5.

12      Under Federal Rule of Civil Procedure 23(g)(3), a court "may designate interim counsel to

13  act on behalf of a putative class before determining whether to certify the action as a class action."

14  A court should "designate interim counsel during the pre-certification period if necessary to

15  protect the interests of the putative class." *Wang v. OCZ Tech. Grp., Inc.*, No. C 11-01415 PSG,

16  2011 U.S. Dist. LEXIS 69803, at *4 (N.D. Cal. June 29, 2011) (citing Fed. R. Civ. P. 23).

17      The Court finds that the consolidated action does not present the "special circumstances"

18  that warrant appointment of interim counsel at this stage. *See In re Nest Labs Litig.*, No. 14-cv-

19  01363-BLF, 2014 U.S. Dist. LEXIS 115596, at *4 (N.D. Cal. Aug. 18, 2014). In accordance with

20  the Court's ruling above, all pending actions in this District pertaining to Defendants' alleged

21  pricing scheme have been consolidated, and thus there exists a single consolidated action for

22  which Plaintiffs intend to file a consolidated complaint. *See* Dkt. No. 21 at 7. Under these

23  circumstances, the Court sees no danger to the interests of the putative class that appointment of

24  interim counsel will remedy.

25      Moreover, Plaintiffs seek appointment of three firms as interim counsel — Gilman, Green,

26  and FT, with Gilman and Green serving as "co-lead counsel." *Id.* at 7. Given that these three

27  firms represent counsel for three of the four consolidated cases, there is no "gaggle of law firms

28  jockeying to be appointed class counsel." *See In re Nest Labs Litig.*, 2014 U.S. Dist. LEXIS

1   115596, at *4. There is no rivalry between the firms: instead, the firms highlight that they "have

2   decided to work collaboratively and cooperatively to advance the litigation." Dkt. No. 21 at 2.

3   The Court sees no purpose to be served in appointing three interim counsel firms under these

4   circumstances.

5     Accordingly, the Court DENIES WITHOUT PREJUDICE Plaintiffs' motion to appoint

6   interim counsel.

## III.  CONCLUSION

For the reasons articulated above, the Court (1) finds *Carder* related to *Haley*; and (2) GRANTS IN PART and DENIES IN PART Plaintiffs' motion to consolidate and appoint interim counsel.

The Court:

1. FINDS *Carder et al. v. Macy's, Inc. et al.*, Case No. 4:16-cv-03341-SBA, related to *Haley et al. v. Macy's, Inc., et al.*, Case No. 3:15-cv-06033-HSG, DIRECTS that *Carder* be reassigned to this Court, and VACATES all previously set hearing dates in *Carder*;

2. GRANTS the motion to consolidate *Haley et al. v. Macy's, Inc., et al.*, Case No. 3:15-cv-06033-HSG; *Benson v. Macy's, Inc., et al.*, Case No. 3:16-cv-01252-HSG; *Farhang vs. Macy's Inc., et al.*, Case No. 4:16-cv-02850-HSG; and *Carder et al. v. Macy's, Inc. et al.*, Case No. 4:16-cv-03341-SBA;

3. DEEMS *Haley et al. v. Macy's, Inc., et al.*, Case No. 3:15-cv-06033-HSG the lead case and DIRECTS the Clerk to administratively close *Benson v. Macy's, Inc., et al.*, Case No. 3:16-cv-01252-HSG; *Farhang vs. Macy's Inc., et al.*, Case No. 4:16-cv-02850-HSG; and *Carder et al. v. Macy's, Inc. et al.*, Case No. 4:16-cv-03341-SBA;

4. DENIES WITHOUT PREJUDICE the motion to consolidate future cases asserting similar claims;

5. DENIES WITHOUT PREJUDICE the motion to rename the consolidated action; and

//

1  6. DENIES WITHOUT PREJUDICE the motion to appoint interim counsel.

**IT IS SO ORDERED.**

Dated: September 7, 2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

7