UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HALEY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MACY'S, INC., et al.,<br><br>    Defendants. | Case No.15-cv-06033-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS IN PART AND DENYING MOTION TO STRIKE**<br><br>Re: Dkt. No. 41 |

Pending before the Court is a motion to dismiss the complaint and a motion to strike filed by Defendants Macy's, Inc., Macy's West Stores, Inc., and Bloomingdale's, Inc. Dkt. No. 41. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court GRANTS the motion to dismiss in part and DENIES the motion to strike.

## I. BACKGROUND

This putative class action arises out of an alleged pricing scheme by Defendants to mislabel their merchandise with false or inflated original or "regular" prices. *See* Dkt. No. 37 ¶¶ 3–4, 8–11. ("Compl."). According to Plaintiffs, these original or regular prices did not reflect the price at which Defendants "routinely, if ever" sold their products. *Id.* ¶ 12. These prices deceive consumers into believing that the listed sale or discount price is more advantageous, causing consumers to purchase merchandise that they otherwise would not purchase. *Id.* ¶¶ 3, 10–11.

Plaintiffs Kristin Haley, Todd Benson, Zoreh Farhang, Job Carder, and Erica Vinci allege that they each purchased at least one item from a Macy's store on or after January 1, 2012. *See* Compl. ¶¶ 27–33, 38. On the basis of these purchases, they filed a complaint on behalf of a

putative class of California consumers against Defendants Macy's Inc. and Bloomingdale's, Inc. alleging violations of the California Unfair Competition Law ("UCL"), the California False Advertising Law ("FAL"), and the California Consumer Legal Remedies Act ("CLRA").

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must demonstrate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must provide more than conclusory statements or "a formulaic recitation of the elements of a cause of action" for the court to find a facially plausible claim. *Id.* at 555. Rather, the complaint must present facts which allow "the reasonable inference" of a defendant's liability for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a motion to dismiss, the court construes factual inferences in a light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Rule 9(b) imposes a heightened pleading standard for claims that "sound in fraud." Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). A plaintiff must identify "the who, what, when, where, and how" of the alleged conduct, so as to provide defendants with sufficient information to defend against the charge. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

## III.  ANALYSIS

### A.  Motion to Dismiss

Plaintiffs' complaint fails to allege sufficient facts to support its three causes of action against Defendants.[1] However, the Court finds it premature to evaluate Plaintiffs' request for restitution.

---

[1] Because the Court does not rely on any of the exhibits attached to Defendants' Request for Judicial Notice in its analysis, Dkt. No. 42, the Court DENIES Defendants' request as moot.

### 1. Bloomingdales and Macy's Inc.

Plaintiffs do not allege any facts to support a claim against Defendants Bloomingdales or Macy's Inc. Although Plaintiffs point out that Bloomingdales is a wholly-owned subsidiary of Macy's, Inc., *see* Compl. ¶ 22, there are no allegations that a named Plaintiff purchased anything from a Bloomingdales store. Nor do Plaintiffs allege that Bloomingdales was otherwise responsible for Macy's pricing scheme. *See Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213, 1221 n.1 (9th Cir. 2008) ("In a class action, standing is satisfied if at least one named plaintiff meets the requirements."). Defendants further state that Macy's, Inc. is merely a holding company that does not sell merchandise or operate any stores. *See* Dkt. No. 41 at 8 n.6. Plaintiffs do not address these arguments, but concede that they will dismiss their claims against both Bloomingdales and Macy's, Inc. *See* Dkt. No. 47 at 7 n.7.

### 2. Macy's West Stores, Inc.

#### a. Sufficiency of Claims

Plaintiffs also fail to allege sufficient facts regarding their alleged purchases at Macy's West Stores, as is required under Rule 9(b). Although the elements for claims brought under the UCL, FAL, and CLRA differ,[2] Plaintiffs concede that they must allege Defendants' alleged false pricing scheme with particularity. *See* Dkt. No. 47 at 11–12. This includes allegations that the Defendants made a false representation about a product that Plaintiffs purchased. *See id.*; *see also Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1103–04, 1109 (9th Cir. 2013), *as amended on denial of reh'g and reh'g en banc* (July 8, 2013). Here, Plaintiffs' claims suffer from the following deficiencies:

First, not all named Plaintiffs identify the products they purchased from Macy's. For example, the complaint alleges that Plaintiff Carder purchased "products including several Maison Jules and Club Room items." Compl. ¶ 32. And the complaint alleges that Plaintiff Vinci

---

[2] California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. California's FAL prohibits any "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17500. California's CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770.

3

purchased "numerous clothing items," including one "sports clothing item." *Id.* ¶ 33. The complaint does not provide more detail about these specific purchases, but neither does it categorically allege that *all* of Defendants' products are misleadingly priced. In fact, Plaintiffs concede some prices may not be false or deceptive. *See id.* ¶ 36. Without more, therefore, Defendants cannot identify the transactions involving purportedly misleading prices in order to mount a defense against Plaintiffs' allegations. *Cf. Stathakos v. Columbia Sportswear Co.*, No. 15-CV-04543-YGR, 2016 WL 1730001, at *2 (N.D. Cal. May 2, 2016) (upholding allegations that included dates, article of clothing, and prices plaintiffs paid for Columbia clothing items that were all sold exclusively in outlet stores and thus never sold for the higher reference price on their tags); *Horosny v. Burlington Coat Factory of California, LLC*, No. CV1505005SJOMRWX, 2015 WL 12532178, at *2 (C.D. Cal. Oct. 26, 2015) (upholding allegations that all of the defendant's products were labeled with an erroneous "compare to" price tag and plaintiff included the dates, article of clothing, and prices he paid for each item); *Branca v. Nordstrom, Inc.*, No. 14CV2062-MMA (JMA), 2015 WL 10436858, at *1 (S.D. Cal. Oct. 9, 2015) (same).

Second, Plaintiffs do not identify what false or misleading statements they relied on when making their purchases. Plaintiffs state that Macy's "represented on price tags, sales labels or on signs above the merchandise" artificially inflated original or regular prices. Compl. ¶ 3. The complaint also includes four sample "sales tags and signs prominently displayed for products available for sale at its stores." *Id.* ¶ 6. Yet when explaining why they made their respective purchases at Macy's, Plaintiffs only generically refer to "advertisements" or "advertising." Compl. ¶¶ 27, 30–33. Plaintiffs must specify what statements they relied on to give Defendants "the opportunity to respond to the alleged misconduct." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (affirming district court's dismissal where plaintiff identified television advertisements and sales materials for cars, but failed to "specify when he was exposed to them or which ones he found material."). This is particularly important here where Plaintiffs intermittently propose three different theories of fraud. They contend, on information and belief, that the original or regular price does not reflect: (1) the price at which Defendants' regularly or routinely offered the merchandise, Compl. ¶¶ 4, 12, 31–33; (2) the price at which Defendants' made a

4

"substantial number" of sales, *id.* ¶ 31; or (3) the "prevailing market price" within three months preceding Plaintiffs' respective purchases, *id.*¶¶ 31–33. Yet Plaintiffs concede that they "have no realistic way to know which — *if any* — of Defendants' label price comparisons are not false or deceptive." Compl. ¶ 36.

Lastly, Plaintiffs do not clearly allege how Defendants' original or regular prices were false or otherwise misleading. As discussed above, Plaintiffs allege three theories of fraud, but fail to provide the factual basis to support any of them. This is insufficient. Rule 9(b)'s heightened pleading standard exists in part to "prohibit[] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *See Kearns*, 567 F.3d at 1125. Accordingly, allegations of fraud based on "information and belief" do not satisfy the particularity requirements of Rule 9(b). Even where "matters [are] peculiarly within the opposing party's knowledge," plaintiffs still must "state the facts upon which the[ir] belief is founded." *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987), *overruled on other grounds by Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1573 (9th Cir. 1990) (en banc). Here, Plaintiffs allege "on information and belief" that Defendants did not sell their products at the original or regular price, while at the same time asserting that they "have no realistic way to know" whether that is true. *See, e.g.*, Compl. ¶¶ 31, 36. Plaintiffs cannot rely on such unsupported allegations of belief as a "pretext for the discovery of unknown wrongs." *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996).

Plaintiffs' reliance on various "compare to" pricing cases is unavailing. In those cases, the plaintiffs alleged that the defendants' products were not sold outside the outlet or discount stores at all, rendering any "comparison" price inherently misleading. *See, e.g.*, *Rubenstein v. Neiman Marcus Grp. LLC*, No. 15-55890, 2017 WL 1381147, at *2 (9th Cir. Apr. 18, 2017); *Stathakos*, 2016 WL 1730001, at *3–*4; *Branca*, 2015 WL 10436858, at *7; *cf. Chester v. TJX Companies, Inc.*, No. 515CV01437ODWDTB, 2016 WL 4414768, at *1, *10 (C.D. Cal. Aug. 18, 2016) (finding allegations of fraud sufficient where the store's definition of "compare at" was the "buying staff's estimate of the regular retail price"). Moreover, some of these cases also found that the plaintiffs had pled additional clear and specific bases for their assertion that the reference

5

prices were false or misleading. *See, e.g.*, *Branca*, 2015 WL 10436858, at *7 (plaintiff attached defendant's pricing manual to complaint). To satisfy Rule 9(b)'s heightened pleading standard, Plaintiffs must allege with specificity what products they purchased, on what statements they relied in making those purchases, and why those statements were false or misleading.

### b. Injunctive Relief

Defendants argue that the Court should dismiss Plaintiffs' request for injunctive relief because Plaintiffs lack standing to seek such relief. Dkt. No. 41 at 9–11. To have standing to seek injunctive relief, a plaintiff must "demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). Classwide injunctive relief is not available "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief." *Hodger-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).

Plaintiffs contend that they have alleged facts showing that they are at risk of future injury sufficient to support injunctive relief because they "have alleged an intent to buy in the future." Dkt. No. 47 at 7. It is implausible that Plaintiffs risk being harmed by the same pricing scheme again now that they are aware of how it works. *See, e.g.*, *Gershman v. Bayer HealthCare LLC*, No. 14-CV-05332-HSG, 2015 WL 2170214, at *8 (N.D. Cal. May 8, 2015) (analyzing standing in false advertising case). The Court finds that the Plaintiffs have not alleged a real threat of future injury and therefore do not have standing to seek injunctive relief.

### c. Restitution

Defendants argue that, as a matter of law, the proper measure of monetary restitution is the difference between what was paid and the value of what was received. Dkt. No. 41 at 17–19. Thus, Defendants argue, because "Plaintiffs do not allege that the items they purchased were damaged or otherwise worth less than what they paid for them," their allegations are insufficient to support a request for restitution. *Id.* at 18.

Yet this is but one method of calculating restitution. *See Jacobo v. Ross Stores, Inc.*, No. CV-15-04701-MWF-AGR, 2016 WL 3482041, at *7 (C.D. Cal. Feb. 23, 2016) ("Remedy for the alleged misconduct is not limited to the difference between the value of the goods [p]laintiffs

purchased and the price for those goods."); *In re Tobacco Cases II*, 240 Cal. App. 4th 779, 792–93 (Cal. Ct. App. 2015). The Court has broad powers to enter "such orders or judgments . . . as may be necessary to restore any person . . . any money or property . . . which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code § 17203. Whether Plaintiffs can prove up the amount of restitution is a question better addressed at a later stage in the litigation. *See, e.g.*, *Russell v. Kohl's Dep't Stores, Inc.*, No. 15-cv-1143, at *5 (C.D. Cal. Oct. 6, 2015) ("While it remains to be seen whether [p]laintiffs can adduce sufficient evidence of a measurable amount of restitution, such an inquiry is premature at this early pleading stage.").

### B. Motion to Strike

Defendants reiterate the same arguments in their motion to strike Plaintiffs' class allegations as they raised in their motion to dismiss. *See* Dkt. No. 41 at 19–21. Defendants state that Plaintiffs do not have standing to bring a claim against Bloomingdales and that they allege "only vague conclusory allegations of fraud." *Id.* at 20. The Court has already addressed the deficiencies in the complaint above and concludes that the class allegations are not otherwise "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Because Defendants have failed to demonstrate that the Court should strike the class allegations at this early stage of the proceedings, the motion is DENIED.

### IV. CONCLUSION

Accordingly, the Court DENIES the motion to dismiss Plaintiffs' restitution request, but otherwise GRANTS the motion to dismiss in its entirety. The Court further DENIES the motion to strike class allegations. Plaintiffs have 21 days from the date of this order to amend.

**IT IS SO ORDERED.**

Dated: 7/7/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge